*See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 600–02, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joshua Joseph TYLER, Defendant— Appellant.**

**No. 08–50414.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 21, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Raphael, Esquire, Assistant U.S., Elizabeth Ryunsoo Yang, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth Newman, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

### MEMORANDUM **

Joshua Joseph Tyler appeals from the lifetime term of supervised release imposed following his guilty-plea conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Tyler contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve the issue of whether he was likely to reoffend after fifteen years of supervision and by failing to determine which psychological study regarding recidivism was most accu-

rate. Because these issues do not involve factual inaccuracies, the district court did not err by failing to rule on the disputes. *See United States v. Stoterau,* 524 F.3d 988, 1011–12 (9th Cir.2008).

Tyler also contends that the lifetime term of supervised release is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Tyler's lifetime term of supervised release is not substantively unreasonable. *See United States v. Daniels,* 541 F.3d 915, 922–24 (9th Cir.2008).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.